**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SAMUEL CLEMMONS

        Plaintiff,

    v.

ROYCE C. LAMBERTH *et al.*,

        Defendants.

Case No 1:24-cv-06299

Judge Franklin U. Valderrama

**ORDER**

Samuel Clemmons (Clemmons), proceeding *pro se*, has filed several sprawling complaints that purport to assert claims against scores of Defendants, ranging from sitting judges, to federal agencies, to unsuspecting private citizens. Since this case's inception, there has been a steady drumbeat of activity, with Clemmons filing complaint after complaint, and authoring motion after motion. Predictably, these filings have generated motions to dismiss, with four such motions pending before the Court. For the reasons set forth below, the Court grants Defendant Alvin Wong's (Wong) Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, R. 95, denies all remaining motions as moot, and dismisses this case with prejudice.

On July 24, 2024, Clemmons filed his original *pro se* complaint against Defendants, Royce Lambert, Wong, John Baggot, and Joseph Lister. R. 1. The complaint, while difficult to decipher, referred to Clemmons's service in the military and sought damages against the Defendants. *Id.* Some of the Defendants moved to dismiss the complaint for failure to state a claim. R. 23, 32. On November 15, 2024, the Court, in its discretion, granted Clemmons leave to file an amended complaint. R. 44. Clemmons filed an amended complaint, and the United States and Wong again moved to dismiss the complaint for failure to state a claim. R. 23, 47. On January 23, 2025, the Court granted Wong's motion to dismiss and dismissed Clemmons's amended complaint, agreeing with Wong that the complaint was "incomprehensible," and failed to state claim. R. 57. However, the Court denied Wong's request that this case be dismissed with prejudice and provided Clemmons with one final opportunity to amend his complaint and state a claim(s). *Id.* The Court, as it had done on several prior occasions, referred Clemmons to the Hibbler *pro se* help desk.

Clemmons filed his second amended complaint (SAC) on February 3, 2025. R. 72. After evaluating the SAC, which contained two different case captions with two different sets of Defendants, the Court found that it included allegations only against the following Defendants: (1) Cherie Smith; (2) Corwin Robinson III; (3) Bobby Joe

Hawthorn; (4) John E. Baggott (represented by the United States); and (5) Wong. R. 85. The Court then dismissed all other Defendants named in the SAC and previous complaints. *Id.*

Subsequently, and without first seeking leave, Clemmons filed a 95-page third amended complaint. R. 88. The Court, finding that Clemmons improperly filed this without obtaining leave, struck the complaint and unequivocally stated that the SAC "remains the operative complaint." R. 93. Clemmons, ignoring this pronouncement, went on to file a flurry of motions for default against individuals who were not named in the SAC and had been dismissed from this case. The Court denied these motions. R. 118. Clemmons then filed two *further* amended complaints, again without seeking leave, totaling over 400 pages. R. 107, 108. Pursuant to Federal Rule of Civil Procedure 15, the Court now strikes these complaints. Fed. R. Civ. P. 15(a) (once a party has amended once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."); *see also Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure."). The Court reiterates that Clemmons's SAC is the operative complaint in this case.

Wong and several other Defendants have moved to dismiss the SAC. R. 95. Wong argues that Clemmons's SAC fails to state a plausible claim and should be dismissed—with prejudice—as "an egregious violation of Rule 8(a)," characterizing the SAC as "prolix, digressive, and full of irrelevant details." *Id.* at 2. The Court agrees.

Under Rule 8 (a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although *pro se* submissions are read liberally, a *pro se* complaint must still contain allegations "sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Clemmons's SAC is anything but "a short and plain statement of the claim showing that the Clemmons is entitled to relief." Rather, it consists of (1) a hodgepodge of documents, such as "Criminal Complaints" from the Northern District of Georgia, blank "Background Certification Forms" from various states and entities, which appear to have been created by Clemmons, and selected pages from the Federal Rules of Criminal Procedure; (2) vague allegations regarding "illegal events" that took place in the military, pursuant to an unspecified "federal investigation;" (3) vague allegations seemingly related to an order of protection issued in the state of Georgia; (4) and demands for various records, such as "transportation of transport records transferring the subject from point A to B" and "jurisdiction paperwork showing and validating you have ALL RIGHTS to person body and rights under the United States Constitution to label State Criminal." *See* R. 72.

"Although the court construes *pro se* pleadings liberally, it is not required to sift through incomprehensible allegations in the hope of spotting a diamond in the rough." *U.S. ex rel. McDonald v. Hulick*, 2007 WL 967934, at *3 (N.D. Ill. Mar. 28, 2007) (cleaned up); *see also U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Clemmons's SAC consists of incoherent conclusory assertions that lack even a modicum of factual support and fails to provide any Defendant with fair notice of his claims and the grounds upon which those claims rest. Accepting the well-pled allegations in the SAC as true and drawing all reasonable inferences in Clemmons's favor, the Court finds the SAC is devoid of any facts that plausibly state a coherent claim for relief against Wong or any other Defendant. Accordingly, the Court grants Wong's motion to dismiss and dismisses the SAC.

This is the third time Clemmons has submitted an unintelligible complaint. R. 1, 40, 72. The Court has afforded Clemmons ample opportunity to adequately plead a cause of action, and he has failed to do so. Not surprisingly, he makes no attempt to suggest how he might cure his pleading defects and does not request leave to amend in the event of dismissal. The Court thus finds it appropriate to dismiss this case with prejudice. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in . . . dismissing a complaint with prejudice . . . when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint."); *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818–19 (7th Cir. 2013) (affirming dismissal with prejudice of third pleading attempt because "in court, as in baseball, three strikes and you're out"); *Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (affirming dismissal with prejudice after the "plaintiffs had three opportunities to identify a relevant market in which the NCAA allegedly committed violations of the Sherman Act").

## Conclusion

For the reasons set forth above, the Court grants Defendant Alvin Wong's motion to dismiss. R. 95. All pending motions are denied as moot. R. 91, 95, 97, 101, 106, 111, 115, 121, 123, 127, 128, 129, 131, 132. Civil case terminated.

Date: May 29, 2025

_____
United States District Judge
Franklin U. Valderrama

3